MEMORANDUM *
The defendant Thomas P. Ranes appeals the district court’s denial of his motion to withdraw a guilty plea, and claims ineffective assistance of counsel.
The government argues that Ranes’ appeal of the motion to withdraw is barred by a waiver in the plea agreement. An appellate waiver that “does not specifically contemplate the possibility of an appeal based on the district court’s denial of a motion to withdraw [a plea]” may nonetheless preclude such an appeal if its language is sufficiently broad. United States v. Jeronimo, 398 F.3d 1149, 1154 (9th Cir.2005).
Ranes’s plea agreement waived “the right to appeal the convictions resulting from the entry of guilty pleas.” If his guilty plea were withdrawn, the resulting conviction would fail too, rendering the waiver meaningless. The waiver’s language is broad enough to indicate that, by waiving the right to challenge the conviction, Ranes also waived the right to challenge the denial of his motion to withdraw his guilty plea.
On direct review we decide ineffective assistance of counsel claims only “(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.” United States v. Daychild, 357 F.3d 1082, 1095 (9th Cir.2004). Neither condition applies here. The record is inadequately developed with respect to Ranes’s attorney’s competence, and there is no obvious flaw in his representation.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.